**In re TAYLOR & DEAN MFG. CO.**

No. 21237.

District Court, W. D. Pennsylvania.

Dec. 12, 1942.

Watson B. Adair, of Pittsburgh, Pa., referee.

Wm. A. Meyer and Kountz & Fry, all of Pittsburgh, Pa., for trustee.

P. K. Motheral and Reed, Smith, Shaw & McClay all of Pittsburgh, Pa., for petitioner.

SCHOONMAKER, District Judge.

This case comes before the court on certificate to review an order of Referee Adair awarding to reclamation petitioners the sum of $5,350 derived by receivers in bankruptcy from the sale of certain machinery and equipment located on premises in Pittsburgh, Pennsylvania, where the business of the bankrupt was conducted.

These premises were subject to the lien of a mortgage dated May 20, 1932, given by Alfred E. Dean et al. to the Potter Title and Mortgage Guarantee Company which was given to secure the payment of $10,000. Judgment was entered on the bond accompanying this mortgage in the Court of Common Pleas of Allegheny County, Pennsylvania. By virtue thereof the Sheriff of Allegheny County sold the premises so mortgaged to the reclamation petitioners on March 3, 1941; and a deed therefor dated March 8, 1941, was given to them. This sale was confirmed by the Court of Common Pleas of Allegheny County on March 17, 1941, and the deed was recorded in the Recorder's Office of Allegheny County on March 17, 1941.

534

Under date of June 23, 1941, the reclamation petitioners leased these premises to the bankrupt. In this lease the description of the premises leased was followed by the following words: "having erected thereon a four-story brick building known as No. 2428 Penn Avenue, and all machinery contained therein as described in the attached list."

The machinery thus listed is the same machinery the petitioners are seeking to reclaim in this proceeding. This machinery was sold by the Receiver in Bankruptcy along with certain personal property of bankrupt in one lot for $6800. It was stipulated by the parties that of said sum $1450 be awarded to the trustee as the sale price of property not claimed by reclamation petitioners.

The question at issue is whether or not the balance of such sale price, i.e., $5,350, shall be awarded to the reclamation petitioners or to the trustee in bankruptcy.

The referee held that this machinery was bound by the mortgage, and that title thereto passed to the reclamation petitioners on the Sheriff's Sale above mentioned. The referee awarded said sum of $5,350 to them, being of the opinion that such machinery was a permanent part of the manufacturing plant of bankrupt, and therefore bound by the mortgage above recited, so that upon the Sheriff's Sale above recited, the title thereto passed to the reclamation petitioners.

The question at issue is one of Pennsylvania law and must be ruled in accordance with the decisions of the Pennsylvania Supreme Court, which has held that machinery installed on mortgaged land is bound by the mortgage, even if the machinery is for a new industrial use: McClure v. Atlantic Rock Co., Inc., 1940, 339 Pa. 296, 14 A.2d 124; Pennsylvania Chocolate Co. v. Hershey Bros., 1934, 316 Pa. 292, 175 A. 694, 99 A.L.R. 139; Central Lithograph Co. v. Eatmor Chocolate Co., 1934, 316 Pa. 300, 175 A. 697.

Counsel for trustee is relying on an earlier case in this Circuit, McConnell v. Chelton Trust Co., 1922, 282 F. 105 to support his contention. However, as we view the situation, this case is not now controlling, in view of the later cases in the Pennsylvania Supreme Court hereinabove cited.

The order of the Referee of July 31, 1942, reviewed, will therefore be affirmed on his findings of fact and opinion. An order to that effect may be submitted by counsel for reclamation petitioners, on notice to counsel for the trustee.